## NATIONAL ASSOCIATION FOR THE ORDER ADVANCEMENT OF COLORED PEOPLE, Plaintiff,

v.

## A.A. ARMS INC., et al., Defendants.

### National Association for the Advancement of Colored People, Plaintiff,

v.

### Acusport Corp., et al., Defendants.

Nos. 99 CV 3999(JBW), 99 CV 7037(JBW).

United States District Court, E.D. New York.

March 12, 2003.

Elisa Barnes, New York City, for Plaintiff National Association for the Advancement of Colored People (NAACP).

Saiber Schlesinger Satz & Goldstein, LLC, Newark, NJ, by David R. Gross, Christopher M. Chiafullo, for Defendants AcuSport, Inc.; Alamo Leather Goods, Inc.; Bangers, LP; Bill Hick's & Co.; Brazas Sporting Arms, Inc.; Camfour, Inc.; Chattanooga Shooting Supplies, Inc.; Davidson's, Inc.; Dixie Shooters' Supply, Inc.; Ellett Brothers, Inc.; Euclid Avenue Sales Co.; Hicks, Inc.; Interstate Arms Corp.; Kiesler's Police Supply, Inc.; Lew Horton Distributing Company, Inc.; Lipsey's, Inc.; MKS Supply Co.; Ron Shirk's Shooters Supply; RSR Management Corp.; RSR Group, Inc.; RSR Wholesale, Inc.; Southern Ohio Gun, Inc.; Sports South, Inc.; Valor Corporation; Walter Craig, Inc.; Williams Shooters Supply, Inc.; Zanders Sporting Goods, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Atlanta, GA, by Timothy A. Bumann, for Defendants Amadeo Rossi SA; Braztech International L.C.; Forjas Taurus SA; Heritage Manufacturing, Inc.; Taurus International Manufacturing.

Renzulli, Pisciotti & Renzulli, LLP, New York City, by John F. Renzulli, Leonard S. Rosenbaum, for Defendants Arms Technology, Inc.; Beemiller, Inc. d/b/a Hi–Point Firearms; Bersa S.A.; Browning Arms Co.; Century International Arms, Inc.; Eagle Imports, Inc.; European American Armory Corp.; Glock G.m.b.H (Glock Ges.m.b.H.); Glock, Inc.; Haskell Co. (Haskell Manufacturing, Inc.); Import Sports, Inc.; Israel Military Industries (Israel Military Industries, Ltd.); K.B.I., Inc.; Kel–Tec CNC Industries, Inc.; Magnum Research, Inc.; Para–Ordnance, Inc.; Para–Ordnance Mfg. Inc.; SGS Imports Int'l Inc. (SGS Importers International, Inc.); Tanfoglio Fratelli S.r.L. (Fratelli Tanfoglio S.n.c.).

Morrison, Mahoney & Miller, LLP, New York City, by Brian Preston Heermance, Semmes, Bowen & Semmes, Baltimore, MD, by Lauren Lacey, Robert E. Scott, Jr., Bruinsma & Hewitt, Costa Mesa, CA, by Michael C. Hewitt, for Defendants B.L. Jennings, Inc.; Bryco Arms, Inc.

Leahey & Johnson, P.C., New York City, by James Tenney, Peter James Johnson, For Defendants Bonitz Bros., Inc.; Jerry's Sports, Inc., d/b/a/ Jerry's Sport Center, North East, s/h/a Jerry's Sports Center, North East, Inc.; Jerry's Sports, Inc., d/b/a/ Jerry's Sports Center, Inc.; Outdoor Sports Headquarters, Inc.; and Simmon's Gun Specialties, Inc.

Goldberg, Kohn, Bell, Black, Rosenbloom, Chicago, IL, by Terry Moritz, Roger A. Lewis, Balber, Pickard, Battistoni, Maldonado & Van Der Tuin, P.C., New York City, by Thomas P. Battistoni, for Defendant Carl Walther GmbH.

Pino & Associates, White Plains, NY, by Thomas Edward Healy, Lawrence G. Keane, for Defendants Ceska Zbrojovka, A.S.; CZ–USA, Inc.; Excel Industries a/k/a Accu–Tek.

Timothy G. Atwood, Shelton, CT, for Defendants Charco 2000, Inc.; International Armament Corp. d/b/a Interarms; L.W. Seecamp Company, Inc.; Uberti (U.S.A.), Inc.

Jones, Day, Reavis & Pogue, Dallas, TX, by Thomas E. Fennell, Michael L. Rice, Pino & Associates, White Plains, NY, by Thomas Edward Healy, Lawrence G. Keane, for Defendant Colt's Manufacturing Company, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York City, by Robert L. Joyce, for Defendants Hammerli Ltd., a.k.a. Hammerli GmbH; Sigarms Inc.; SIG/Sauer.

Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, Baltimore, MD, by Lawrence S. Greenwald, Catherine A. Bledsoe, for Defendant Fabbrica d'Armi Pietro Beretta S.p.A.

Salviano & Tobias, P.C., New York City, by David G. Tobias, Wiedner & McAuliffe, Ltd., Chicago, IL, by Richard J. Leamy, Jr, for Defendants Faber Bros., Inc.; Riley's Inc.

Post, Polak, Goodsell & McNeill, Roseland, NJ, by Frederick B. Polak, for Defendant Navy Arms Company, Inc.

Beckman and Associates, Philadelphia, PA, by Bradley T. Beckman, for Defendant North American Arms.

Tarics & Carrington, PC, Houston, TX, by Michael J. Zomcik, Michael Branisa, for Defendant Phoenix Arms, Inc.

Shook, Hardy & Bacon LLP, Kansas City, MO, by Gary R. Long, Jeffrey S. Nelson, Greenberg & Traurig, New York City, by Alan Mansfield, Joel M. Cohen, for Defendant Smith & Wesson Corp.

Wildman, Harrold, Allen & Dixon, Chicago, IL, by James P. Dorr, for Defendant Sturm, Ruger & Co., Inc.

## ORDER

WEINSTEIN, Senior District Judge.

Colt's Manufacturing Co., Inc. on behalf of all defendants moves for summary judgment (the "global motion") on the grounds that plaintiff National Association for the Advancement of Colored People cannot establish necessary elements of its public nuisance claim by clear and convincing evidence, namely: (1) that defendants' conduct was

negligent, intentionally wrongful, or abnormally dangerous; (2) that defendants' conduct caused the alleged public nuisance; and (3) that plaintiff has suffered the special harm necessary to allow a private party to sue in public nuisance.

The court must view the evidence in the light most favorable to, and drawing all inferences in favor of, the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 254–55, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998), *cert. denied*, 524 U.S. 911, 118 S.Ct. 2075, 141 L.Ed.2d 151 (1998); Fed.R.Civ.P. 56(c). Extensive sources of data from the Bureau of Alcohol, Tobacco, and Firearms not heretofore available, new experts' proposed testimony, and other information may permit plaintiff to establish its case. Sufficient evidence has been presented to create a genuine issue of material fact on all three of these elements.

Procedural objections to the material submitted in support of plaintiff's opposition to this and the other motions heard on March 11, 2003 are easily rectified. They should not be the basis for a decision on the merits in this complex and highly contested case.

In view of the fact that summary judgment should not be lightly granted, *see, e.g., Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir.1975), defendants' global motion for summary judgment is denied. Given the nature of this case, and its heavy reliance on statistical evidence, a full trial record is necessary to aid the court in weighing the evidence presented by all parties and in rendering its decision.

Decisions on the other motions argued before this court on March 11, 2003 will follow in a separate memorandum.

It is suggested that parties will want to submit proposed findings of facts and law as soon as practicable based on the evidence to be presented at trial. *See* Fed.R.Civ.P. 52. This will permit an early decision on the merits.

SO ORDERED.